PHEBE R. GOBLE v. ISAAC ANDRUSS and others.

A complainant in a suit for the mere purpose of recovering a legacy, is not bound to make the representatives of a deceased co-executor, parties, when he expressly charges that all the assets of the testator are in the hands of the surviving executor; but such representatives are proper parties whenever such co-executor is charged with having assets, or when fraud or collusion is charged between the executors, or in a case of insolvency.

Upon the same principle, debtors to the testator may be made parties, to reach assets in their hands.

This is a privilege, given to a complainant in 'the court of chancery, to go beyond the party legally bound, to reach assets in the hands of other persons out of which his debt ought to be paid. But if such persons have no assets, and there be no other special ground assigned, they are not proper parties.

A demurrer to a bill in equity, admits every charge in the bill which is well pleaded.

Where a bill filed against a surviving executor for a legacy, charges that the executors rendered a joint account to the orphan's court for final settlement, which was allowed; and also charges that all the assets are in the hands of the surviving executor, the latter charge is material and well pleaded.

The decree of the orphan's court upon a joint account rendered by executors, admitting the account to settlement, does not change the joint liability of the executors. They are jointly liable before as well as after the decree.

A settlement in the orphan's court by two executors, and a decree establishing the amount in their hands, are not conclusive that each executor, at the time, had half of the estate.

Such decree only ascertains the amount due, leaving the liability the same as

before, joint, and leaving wholly undetermined and open as between the parties themselves, what part of the estate each executor had.

THE original bill in this cause, filed on the 17th day of October, 1835, charges, that the complainant is the widow of Luther Goble, and the daughter of Caleb Halsted, deceased. That the said Caleb Halsted, by his last will and testament, duly made and published, after directing that all his estate, real and personal, excepting certain chattels thereby specifically bequeathed, should be sold by his executors, and his debts, funeral expenses, and certain legacies contained in the will paid thereout, bequeathed and directed that all the rest and residue of his estate, after payment of debts, funeral charges and legacies, should be paid and distributed by his executors as follows, viz.: to his son, Caleb S. Halsted, five hundred dollars, to be at his own disposal; and the residue thereof to be divided into three equal parts; one third thereof he bequeathed to his executors, and the survivor of them, to be placed at interest, and to pay over the interest and profits thereof to Margaret Halsted, the wife of his son Caleb S. Halsted, during her natural life, for the support of herself and family; and after the decease of the said Margaret, to the said Caleb S. Halsted during his natural life; and after his death, the principal and interest to the children of the said Caleb S. Halsted; and the remaining two thirds of the said residue, he gave and bequeathed to his two daughters, Mary C. Andruss, the wife of Isaac Andruss, and the complainant; and in case of the death of either of his said daughters, her share to be divided among her children. The will further recited, that the testator was bound as surety for his son, Caleb S. Halsted, for the payment of certain sums of money, and provided, that if the testator's estate was compelled to pay the same, or any part thereof, the amount so paid should be deducted, first from the legacy of five hundred dollars bequeathed to his said son, and the balance, if any, from the residue bequeathed to his family. The testator appointed his nephew, Job S. Halsted, esquire, and his two sons-in-law, Luther Goble and Isaac Andruss, his executors—the two

latter of whom proved the will, and took upon themselves the burthen of the execution thereof.

The bill further charges, that Luther Goble and Isaac Andruss, the acting executors, made sale of the real and personal estate, pursuant to the will, collected the debts due and owing to the testator, paid the debts and specific legacies, and at April term, 1832, rendered their final account of the administration of the estate, and of the proceeds of the sale of the real estate of the said testator, to the orphan's court of the county of Essex, which was by a decree of said court allowed as stated and audited by the surrogate. That by the said settlement, including an allowance of seven per cent. to the executors for commissions, there remained a balance in the hands of the said executors, or of one of them, of eleven hundred and four dollars and ninety-four cents. That Luther Goble took very little part in the settlement of the estate : that the business was done and the commissions received by Isaac Andruss ; and that the whole of the said residue still remains in his hands.

The bill further charges, that there was paid out of the estate of the testator, in satisfaction of the debts of his son, Caleb S. Halsted, divers sums of money, exceeding in amount the legacy of five hundred dollars bequeathed to him, and also the third part of the residue of the estate bequeathed for the benefit of his family ; and that by reason thereof the complainant, and her sister Mary C. Andruss, became entitled, each, to a moiety of the said residue of eleven hundred and four dollars and ninety-four cents. That Luther Goble, the husband of the complainant, died without having received the complainant's share of the residue, or having in any wise reduced the same into his possession. That the complainant had received of Isaac Andruss one hundred and forty dollars on account of her share of the estate ; and that the balance thereof, with interest, remains due from the said Isaac Andruss.

The bill further charges, that Caleb S. Halsted, the son of the testator, died, leaving four children, who are still living, and who, together with the said Isaac Andruss, were made parties

[Goble v. Andruss et al.]

defendants to the bill. The bill prays that the said Isaac Andruss may be decreed to pay to the complainant, five hundred and fifty-two dollars and forty-seven cents, the equal half part of the residue of the said estate, as ascertained by the settlement and decree of the orphan's court, with interest thereon from the date of the said decree.

To this bill a demurrer, for want of proper parties, was filed by Isaac Andruss, on the 19th of January, 1836 ; assigning for causes of demurrer, that by the complainant's own showing in the bill, the personal representatives of Luther Goble, and also Mary C. Andruss, are necessary parties to the said bill.

On the 4th of October, 1837, the complainant having obtained an order to amend the bill by adding new parties, filed an amended bill, making Mary C. Andruss a defendant, together with the defendants in the original bill. The amended bill also charges, that the sum of one hundred and forty dollars, paid by Isaac Andruss to the complainant, was received by her in the life-time of her husband, the said Luther Goble.

To the bill so amended a demurrer was filed by Isaac Andruss on the 20th of November, 1837, assigning for cause of demurrer, that it appears from the complainant's own showing in the said bill, that the personal representative or representatives of Luther Goble, therein named, is or are a necessary party or parties to the said bill ; inasmuch as it appears by said bill, that the last will and testament of Caleb Halsted, deceased, in the said bill set forth or referred to, was duly proved by the said Luther Goble and the said Isaac Andruss, two of the executors therein named, and administration of the estate of the said Caleb Halsted, the testator, was thereupon granted to them ; Job S. Halsted, esquire, the other executor therein named, having neglected and declined to prove the said last will and testament. And that the said Luther Goble and Isaac Andruss, as executors of the last will and testament of the said Caleb Halsted, deceased, made sale and conveyance of the real and personal estate whereof he died seized and possessed ; and in the term of April, in the year of our Lord one thousand eight hundred and thirty-two, the final

[Goble v. Andruss et al.]

account of the said acting executors of the administration of the estate of the said Caleb Halsted, deceased, and also of the proceeds of the real estate of the said testator, was rendered by them to the orphan's court of the county of Essex, and the same was duly audited and stated by the surrogate of said county of Essex, and on the seventeenth day of April, in the year aforesaid, the said account was duly allowed by the said orphan's court as stated and audited by the surrogate; and a decree of the said court was thereupon made accordingly. And inasmuch also as it further appears by said bill, that the residue of the estate of the said Caleb Halsted, deceased, after the payment of his debts, funeral expenses, certain legacies therein mentioned, and the expenses of the settlement of the same, including commissions, amounted to the sum of eleven hundred and four dollars and ninety-four cents, part whereof is claimed by the said complainant; and that the said Luther Goble was then the husband of the said complainant, and hath since died. And further, that it appears by the complainant's own showing in the said bill, that her husband, the said Luther Goble, in his life-time reduced into his possession that part of the residue given and devised to the said complainant by the said testator, as in the said bill is alleged, inasmuch as it is stated in the said bill that this defendant and the said Luther Goble, as executors of the last will and testament of the said Caleb Halsted, deceased, sold and conveyed the real and personal estate of the said testator, and rendered their account thereof to the orphan's court, which was allowed and decreed as in the said bill is set forth; and inasmuch, also, as it further appears by the said bill, that the residue of said estate amounted to the sum of eleven hundred and four dollars and ninety-four cents, the one half of which the said complainant claims by her said bill.

*E. Van Arsdale*, for defendant.

All persons materially interested in the subject, must be made parties, so that a complete decree may be made between them. *Mitford's Pl.* 144, 163.

[Goble v. Andruss et al.]

Andruss and Goble, the co-executors, having rendered a joint account to the orphan's court, have become jointly liable for all demands against them. By the decree of the orphan's court, their liability is joint. It is the same as a judgment at law against them both. The bill charges that the account is settled, and claims half of the balance appearing in the hands of the executors by the decree of the orphan's court. The bill contains an allegation that the whole fund is in the hands of Andruss, one of the executors. That allegation is in the face of the decree of the orphan's court, and is improperly introduced into the bill. It is not admitted by the demurrer.

A demurrer only admits facts well pleaded, not every thing stated. 1 *Maddock*, 565; 3 *Wheaton*, 329; 1 *Co. Litt.* 72, a.; 1 *East.* 634; *Gould's Pl.* 461, 470.

All matters antecedent to the decree, are merged in the decree. *Rev. L.* 787, sec. 32.

The party is bound by the decree of the orphan's court, and cannot go behind it to see which executor is liable. He cannot impeach the decree collaterally. 7 *John. Ch.* 148, (*Index*); 6 *John. Ch.* 239; 1 *Conn. Rep.* 7; 16 *Johns.* 55; 2 *Mason*, 267-8.

The defendant, Andruss, is entitled in this cause to have the matters settled between him and his co-executor, so as to bind all parties. 1 *Levinz*, 235; *Carth.* 225; 2 *Ves. sen.* 232; 2 *Atk.* 235; 3 *Ibid*, 406; 9 *Mod.* 299; 8 *Cond. Ch. Rep.* 487.

The receipt of complainant, in the life-time of her husband, for one hundred and forty dollars, was in fact his receipt. 2 *Bl. Com.* 433, 441; 2 *Story's Eq.* 630; 1 *Vern.* 261; 5 *Ves.* 521.

The husband having once had the money, the wife cannot claim it. 17 *Law Library*, 83.

The defendants are entitled to have all the parties before the court, to have the case settled at once. They claim protection and indemnity. 9 *Ves.* 101; 3 *P. W.* 331.

*J. H. Williamson* and *A. Whitehead*, for complainant, contra.

The surviving executor of the testator is the only party directly responsible to the complainant. The executors of Goble could

[Goble v. Andruss et al.]

not be made parties to the bill, without charging them with having assets. The bill charges that they have no assets, and no decree can be had against them. A person against whom no decree can be had, ought not to be made a party to the bill.

Persons who have no assets, excepting the representatives of the deceased, cannot be brought before the court, unless under special circumstances. 1 *Ves. sen.* 105 ; 6 *Ves.* 748–9.

.Except under special circumstances, a legatee can have no claim against one, except against the surviving executor. He alone has a right to the assets, and must pay the legacies. Under this bill the executors of Goble could not be made parties. 2 *Atk.* 121 ; 3 *Atk.* 604.

The decree of the orphan's court ascertains the amount in the hands of the executors, but is not conclusive that each executor has a moiety of the assets in his hands. They are as liable jointly before the decree as after. The allegation that Andruss has all the assets, does not impeach the decree.

Goble never reduced the legacy into possession in his life-time. A chose in action must be reduced into possession by the husband *as husband.* His having it in possession as executor or trustee, will not avail to prevent its surviving to the wife. 12 *Ves.* 497 ; 1 *Wms. on Exrs.* 557 ; *Clancy,* 132.

*E. Van Arsdale,* in reply, insisted that the executors of Goble are necessary parties to the bill :—1. Because they are quasi representatives of Halsted. 2. Because, by the decree of the orphan's court, the executors of Caleb Halsted are jointly bound. 3. To assist in taking the account. 4. To bind them by the decree. 5. To have a settlement between the co-executors. 6. For protection and indemnity.

THE CHANCELLOR. The complainant is a daughter and one of the residuary legatees of doctor Caleb Halsted, late of Union, in the county of Essex. The bill is filed against Isaac Andruss, surviving executor named in the last will and testament of Caleb Halsted, to recover her share of said estate, according

[Goble v. Andruss et al.]

to the sum established by a decree of the orphan's court of the said county of Essex. The testator made three executors to his will; Job S. Halsted, esquire, of the county of Sussex, Luther Goble, who was the husband of the complainant, and Isaac Andruss, the defendant. The two last, however, alone proved the will. The bill charges, that Luther Goble and Isaac Andruss settled their accounts in the orphan's court of the county of Essex, on the 17th day of April, 1832, having in their hands the net amount of eleven hundred and four dollars and ninety-four cents for distribution among the residuary legatees, one half of which is claimed by the complainant. The bill is not for a general account, but to recover one half of the amount ascertained by the said decree. The bill then goes on to say, that Luther Goble took only a formal part in the settlement of the testator's estate, and that all the monies belonging to said estate were received by Isaac Andruss, no part thereof ever having been received by Luther Goble. That Isaac Andruss retained all the commissions allowed on such settlement, and was in truth and in fact the active man in the whole business; and that the residue of the aforesaid testator's estate is now in the hands of the defendant, Isaac Andruss. The bill further states, that Luther Goble is dead, never having received, or in any way reduced into his possession, the share of the residue of said estate sought to be recovered by the complainant in this action.

To this bill the defendant, Isaac Andruss, has put in a demurrer for want of parties, insisting that the personal representatives of Luther Goble are necessary parties; and whether that be so or not, is the only question now to be considered.

It is not the point of this case, whether the complainant might not have joined such representatives as parties with propriety, under certain charges, of their having assets in their hands, or the insolvency of the present defendant, or fraud or collusion; but whether, in a case like the present, where the surviving executor is charged with having all the assets of the estate in his hands, and no pretence of insolvency or fraud, the complainant is *bound* to make the representatives of a co-executor parties.

[Goble v. Andruss et al.]

Why should they be made parties? Is not the surviving execu-
tor the party directly liable for legacies, both at law and in this
court? Is he not bound and entitled to possess himself, as sur-
vivor, of all the assets of his testator, and to settle up and pay
all claims against his estate? If so, and it further appear, as in
the present case, that he has been the active man, and has now
all the assets in his hands, I can see no good reason for making
the representatives of his co-executor parties. No decree could
be made against them if they were made parties, in a case stand-
ing as the present one does.

The principle on this subject I take to be this. A complain-
ant in a suit for the mere purpose of recovering a legacy, is not
bound to make the representatives of a deceased co-executor par-
ties, when he expressly charges that all the assets of the testator
are in the hands of the surviving executor: but such repre-
sentatives are proper parties, whenever such co-executor is char-
ged with having assets, or when fraud or collusion is charged
between the executors, or in a case of insolvency; and upon
the same principle, debtors to the testator may be made parties,
to reach assets in their hands. This is a privilege given a com-
plainant in this court, to go beyond the party legally bound (who
is the surviving executor) to reach assets in the hands of other
persons, out of which his debt ought to be paid. But if such
persons have no assets, and there be no other special ground as-
signed, they are not proper parties. *Newland* v. *Champion*,
1 *Vesey, sen.* 105; *Alsager* v. *Rowley*, 6 *Vesey, jun.* 749;
*Glass* v. *Oxenham*, 2 *Atkyns*, 121; *Fotherby* v. *Pate*, 3 *At-
kyns*, 605; 9 *Cond. Eng. Ch. Rep.* 438.

I am furnished by the counsel of the defendant with two cases
which, as they were mainly relied on in support of the demurrer,
I wish to notice particularly.

The first is the case of *Williams* v. *Williams*, in 9 *Modern*,
299. That was a suit for legacies to the children of the testator,
which they claimed to have paid first out of the personal estate,
and if that was not sufficient, out of the real estate. Margaret
the widow, and William the son of the testator, were the exec-

[Goble v. Andruss et al.]

utors named in the will, both of whom proved the will, but William the son intermeddled most with the estate, and then died. The bill sought a general account of the personal estate of the testator, and made only the surviving executor, and the heirs at law of the deceased co-executor, parties. It was held, that the personal representatives of the deceased executor must be made parties. The reason given by lord Hardwicke in his opinion, distinguishes that case from the present. Payment was to be made out of the real estate, only in the event of the personal estate not being sufficient; it was therefore necessary that there should be an account of the personal estate in the hands of the co-executor, so that the heirs could judge whether the real estate was rightly called on, and for that purpose the representatives of the deceased executor were made parties. By that case it also appeared, that the deceased executor was the one who had principally intermeddled with the estate. But suppose, as in the case now before the court, the bill had charged that the deceased executor was a formal executor, and had no part of the estate in his hands, would his representatives then have been necessary parties? Clearly not, from the very reasoning of the chancellor. And he goes on further to say, that where you seek a complete account, you are entitled to have the representatives of the deceased executor before the court; for "each executor may possess some distinct part of the personal estate." The whole reason given for making them parties, is having assets in their hands, which in the present case is expressly denied.

The next case cited, is that of *Holland* v. *Prior*, from 8 *Condensed English Chancery Reports*, 487. This is a very long opinion, and reviews most of the cases on the subject. The bill was filed against the executor of the administratrix with the will annexed, and against the administrator *de bonis non* of the original testator. And the question was, whether any other party could be made defendant than the administrator *de bonis non*. The court decided that they might, upon the ground that the first administrator had received assets, and the bill prayed that her executor might account for and pay over the amount of such

[Goble v. Andruss et al.]

assets. The chancellor states the case in his own language, thus :—"The question is, therefore, whether the executor of an administrator, *who had received assets of the person represented by her,* can be made a party to a suit instituted by the creditors of that person." These assets being, or not being, in the hands of the deceased representative, make the difference in the cases now cited and that before the court. Besides, it will be found in this last case, that the court is furnishing the complainant with an excuse for having made these parties, and presupposes throughout that they had assets in their hands.

The case, as now presented, stands upon a demurrer to the bill. Every charge, therefore, which is there well pleaded, is admitted. The charge, that all the assets are in the hands of the defendant, I consider material, and well pleaded. But it is insisted that there is a difference in this case from those cited from the books, inasmuch as here was a decree of the orphan's court establishing a joint liability in the executors. I cannot think this decree makes the liability any more joint than it was before. They were jointly liable before, as well as since the decree. The decree only ascertained the amount due, leaving the liability the same as before, joint, and leaving wholly undetermined and open, as between the parties themselves, what part of the estate each executor had. It would be a dangerous doctrine, that a settlement by two executors in the orphan's court, and a decree establishing the amount in their hands, should, as between themselves, be conclusive that each at the time had half of the estate. Such decree, in my opinion, has no such effect. It ascertains the amount in their joint hands, for which they are jointly liable, but open to be settled as to the amount each has in his hands at the time. This, therefore, cannot vary the question.

There is a charge in the bill, that the complainant had received one hundred and forty dollars from the defendant, Isaac Andruss, in the life-time of her husband, on account of her legacy, and it is insisted that this is a reason for making the representatives of her husband a party. I cannot see how this can be, for at all events this complainant agrees to give the defendant a cre-

[Goble v. Andruss et al.]

dit for so much paid her on account of her legacy, and if so, that is enough for all the purposes of this suit.

It was further pressed, that this defendant was desirous of bringing all parties before the court, that they might be bound by the decree, and in case of payment, that he might be protected and indemnified; also that the accounts of the two executors might be settled in this action. These are all matters fair in argument, and I make no question are insisted on from a belief that they are important to the defendant's interests. From the view which I take of the question, I cannot say the complainant is bound, according to authority and the settled practice of the court, to make the parties to his suit now asked for, upon the bill as now framed, however great a convenience it might be for the defendant.

The demurrer, therefore, must be overruled, with costs, and the defendant put to his answer.

Demurrer overruled.